CALDWELL *v.* THE RICHMOND & DANVILLE RAILROAD CO.

1. Railroad companies of this State having charters which authorize them to take private property for public purposes are common carriers in conducting their freight and passenger business, and so are their lessees when engaged in such business in the use and exercise of the franchises of the companies respectively. The fact that they are such carriers may be judicially noticed without being expressly pleaded.
2. A railroad company which, as a common carrier, receives a passenger and collects her fare to a particular station, with knowledge on the part of the conductor that she intends and desires to leave the train at that station, is charged by law with the duty of stop-

ping the train at the station and affording her an opportunity to get off; and failure to perform such duty is not only a breach of contract, but a tort, and an action for the tort is maintainable. April 27, 1892. By two Justices.

Railroad corporations. Carriers. Judicial notice. Passengers. Before Judge VAN EPPS. City court of Atlanta. September term, 1891.

The court below sustained a general demurrer to the declaration of Mary Caldwell against the railroad company, and the plaintiff excepted.

The declaration averred that the Richmond & Danville Railroad Company, at the time in question, was operating and controlling the Georgia Pacific railway, and was responsible for the injury to her. On September 14, 1889, she took passage on defendant's regular accommodation train in Atlanta to go to Mayner's crossing, a point or flag-station on the Georgia Pacific railway, about eight miles from Atlanta. This train left Atlanta about six o'clock P. M. each day, and, besides the regular stations, stopped at all flag-stations, or other points where the passengers might wish to get on or off. Plaintiff was compelled to be at Mayner's crossing that night, as she had agreed to deliver certain goods and clothing to a party there at that time. She had bought no ticket. While still within the limits of the city the conductor of the train asked for her fare and where she was going, to which she answered that she was going to Mayner's station or Mayner's crossing, and asked the amount of fare to that place. The conductor told her it was twenty cents, which she paid, and he passed on. But when the train reached Mayner's crossing the conductor failed and refused to cause it to slow up, or stop, so as to give her an opportunity to alight. Upon her complaining to him, he told her the train did not stop at said crossing. She was carried about a mile further to

another small station and there got off, and with her heavy bundle walked back to Mayner's crossing. It was very dark; she was utterly unacquainted with the country, and was compelled to follow the railroad track to find her way. She was obliged to cross two trestles, at great danger to life and limb, and also to pass through long cuts, where if she had been met or overtaken by a train she could hardly have escaped death. At a particularly lonely point she was met by a tramp who accosted her, and from whom she escaped only by telling him a large party were a short distance behind. By reason of which facts, all and singular, she was greatly frightened and terrified, and suffered much both in mind and body. She has never received back from defendant the twenty cents paid by her as fare. She boarded the train in good faith that it was bound to stop at Mayner's crossing, and the failure of defendant's agent so to stop it and permit her to get off was willful and unlawful neglect of duty. She charges that the facts above set forth constitute aggravating circumstances, both in the act and the intent. She sues for the money paid by her as fare, for compensation for her pain and suffering, and for punitive damages, laying her damages at $1,000, the same to include all actual, general and nominal damages suffered.

The demurrer was on the ground that the declaration showed only a breach of contract on the part of defendant, and that therefore only actual or nominal damages could be claimed or recovered, whereas the declaration claimed general and punitive damages as well. Plaintiff insisted that the action was for a tort, the right on the contract being waived. After argument, the court asked plaintiff's counsel to state in his place whether he considered his declaration to make a case of tort and desired to stand on it as such, waiving all right he might have to recover nominal damages under it as an action for breach of contract.

Counsel for plaintiff did so state and elect; and there-upon the court sustained the demurrer and dismissed the case.

BLALOCK & BIRNEY, for plaintiff.
JACKSON & JACKSON, for defendant.

LUMPKIN, Justice.

1. The declaration fails to allege distinctly, as it should do, either that defendant, as lessee, or the Georgia Pacific Railway Co., whose railroad and franchises are operated and controlled by defendant, is a common car-rier of passengers; but notwithstanding this omission, the declaration may be upheld. The Georgia Pacific Railway Co. is a corporation created by the legislature of this State, having authority under its charter to take private property for public use, and it is, by virtue of this charter, a common carrier, authorized as such to transport freight and passengers. Of these facts the court may take judicial cognizance, and this being true, the declaration sufficiently alleges that this corporation is a common carrier. The defendant, as lessee, using the franchises of the lessor company, and by virtue thereof engaging in the business of carrying passengers, may be treated as a common carrier and made liable as such. It would be better, however, to allege plainly all such important facts, and relieve the parties and the courts of the time and labor which must be spent in disposing of questions arising from a failure so to do.

2. A railroad conductor should not collect and accept from a passenger her fare to a particular station, know-ing she intends and desires to get off there, unless he expects to stop the train at that station and allow her to alight. In this case, the plaintiff paid her fare while the train was still within the corporate limits of Atlanta, and distinctly informed the conductor where she wished to leave the train. It was his duty, if he did not intend

to stop there, to tell her so, decline to take her money, stop the train at once, and allow her to get off in the city. By accepting the fare under the circumstances stated, he became charged with the duty of stopping at her station and affording her an opportunity to get off. He certainly had no right to carry her beyond this station to another place. A breach of a contract made by a common carrier with one of its passengers is a breach of its public duty for which it is liable in tort. In support of above rulings, see *Chattanooga, Rome & Columbus R. Co.* v. *Lyon,* this term, 89 *Ga.* 16, 15 S. E. Rep. 24.

*Judgment reversed.*