IDA J. STRANGE by Next Friend, Respondent, v. MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, January 28 and April 1, 1895.

1. **Action**: PASSENGER CARRIERS. On the facts in this case, the defendant is held liable for carrying the plaintiff a mile and a quarter beyond her destination and flag station and there putting her and her baggage off the train.

2. ———: MEASURE OF DAMAGES: MENTAL SUFFERING. Mental anguish, disease of mind, or fright unaccompanied with physical or bodily injury affords no ground of action and can not be considered in estimating the damages of a passenger carried beyond his destination. Cases reviewed.

*Appeal from the Johnson Circuit Court.*—HON. W. W. WOOD, Judge.

REVERSED AND REMANDED.

*R. T. Railey* for appellant.

(1) Damages can not be recovered for mental suffering or fright unattended by physical injury. *Ewing v. Railroad*, 48 Am. and Eng. R. R. Cases (Pa.), 506, and cases cited; *Canning v. Williamstown*, 1 Cush. (Mass.) 451; *Connell v. Tel. Co.*, 22 S. W. Rep. (Mo.) 345; *Railroad v. Trott,* 25 S. W. Rep. (Tex.) 419, and cases cited; *Railway Com'rs v. Coultas*, 13 App. Cases, 222; Mayne on Damages (by Wood), 74; *Wyman v. Leavitt*, 71 Me. 227; *Railroad v. McGinnis*, 46 Kan. 109; s. c., 26 Pac. Rep. 453; *Johnson v. Wells*, 6 Nev. 224; *Railroad v. Stables*, 62 Ill. 313; *Lynch v. Knight*, 9 H. L. Cas. 577; *Joch v. Dankwardt*, 85 Ill. 331; *Wilcox v. Railroad*, 52 Fed. Rep. 64; *Railroad v. Ammons*, 26 S. W. Rep. (Tex.) 135; *Lablanche v. Railroad*, 24 Weekly Rep. 398–808; *Walsh v. Railroad*, 42 Wis. 32; *Haile's Curator v. Railroad*, 60 Fed Rep. 558; *Tel. Co. v. Wood*, 57 Fed. Rep. (Tex.) 471; *Trigg v. Railroad,* 74 Mo. 153. (2) It was the duty of plaintiff, when put off, to exercise reasonable care and caution in walking back to the station. She was guilty of negligence directly contributing to the injuries complained of, in unnecessarily running rapidly with her valise while the weather was hot. *Prewitt v. Eddy*, 21 S. W. Rep. (Mo.) 744; *Sullivan v. Railroad*, 22 S. W. Rep. (Mo.) (not reported); *Smotherman v. Railroad*, 29 Mo.

App. 266; *Tuley v. Railroad*, 41 Mo. App. 437 and 438; *Moody v. Railroad*, 68 Mo. 471; *Henze v. Railroad*, 71 Mo. 636; *Purl v. Railroad*, 72 Mo. 171; *Turner v. Railroad*, 74 Mo. 605; *Powell v. Railroad*, 76 Mo. 80; *Lenix v. Railroad*, 76 Mo. 91; *Hixson v. Railroad*, 80 Mo. 337; *Kelly v. Railroad*, 88 Mo. 534; *Harris v. Railroad*, 89 Mo. 236; *Yancy v. Railroad*, 93 Mo. 433; *Butts v. Railroad*, 98 Mo. 278; *Hudson v. Railroad*, 14 S. W. Rep. (Mo.) 15; Bishop on Non-contract Law, sec. 484; *Harris v. Railroad*, 40 Mo. App. 261; *Jackson v. Railroad*, 104 Mo. 457; *Gurley v. Railroad*, 104 Mo. 230; *Carroll v. Railroad*, 17 S. W. Rep. (Mo.) 889; Beach on Contributory Negligence, [2 Ed.], sec. 35; *Hicks v. Railroad*, 46 Mo. App. 304; *Henry v. Railroad*, 76 Mo. 293, 294. (3) Plaintiff was fifteen years old in November, 1891. The same presumptions obtain in regard to her conduct, as if she were of age. *McIntosh v. Railroad*, 58 Mo. App. 281; *Tucker v. Railroad*, 124 N. Y. 317; *Nagle v. Railroad*, 88 Pa. St. 35. (4) The act of defendant in carrying plaintiff by her station and putting her off was not the proximate cause of the injury. *Stanton v. Railroad*, 8 S. Rep. (Ala.) 798; *Doggett v. Railroad*, 78 N. C. 305; *Lowery v. Tel. Co.*, 60 N. Y. 200; *Railroad v. Staley*, 41 Ohio St. 122; *Railroad v. Staley*, 19 Am. & Eng. Railroad Cases, 383; *Jackson v. Railroad*, 13 Lea. (Tenn.) 491; *Jackson v. Railroad*, 19 Am. & Eng. Railroad Cases, 433; Broom's Legal Maxims, sec. 215.

*J. W. Suddath* and *J. P. Orr* for respondent.

(1) A railroad company carrying a passenger beyond the station contracted for is *prima facie* liable for damages. *Trigg v. Railroad*, 74 Mo. 147; *Worden v. Railroad*, 35 Mo. App. 631; *Winkler v. Railroad*, 21 Mo. App. 99. (2) And this is true, although there is

no depot, or platform, or station, but only a switch at the place of termination of carrying contracted for, if it has been the custom of railroad companies to stop there when flagged, or asked. *Hull v. Railroad*, 2 S. W. Rep. 831; *Railroad v. Ballard,* 10 S. W. Rep. 429; *Samuels v. Railroad*, 14 N. E. Rep. 943. (3) And the railroad is liable for all injuries sustained by the passenger which are the necessary or natural result or consequence of being carried beyond the place contracted for. *Worden v. Railroad*, 35 Mo. App. 631; *Hicks v. Railroad*, 68 Mo. 329; *Adams v. Railroad*, 100 Mo. 555. (4) The measure of damages is: *First.* "The inconvenience and loss of time in being carried by place contracted for, and the trouble and expense in getting back to that point." *Second.* "All injuries sustained by the passenger, including physical fatigue, prostration, mental anguish, nervous shock and injuries to the health arising therefrom, that were the necessary or natural consequence of being carried by the place contracted for and being compelled to travel back to that point under the circumstances surrounding the situation of this particular case or transaction. *Worden v. Railroad*, 35 Mo. App. 631; *Hicks v. Railroad*, 68 Mo. 329; *Winkler v. Railroad*, 21 Mo. App. 99; *Graham v. Railroad*, 66 Mo. 536.

GILL, J.—The plaintiff, a girl fourteen years old, was, in August, 1891, residing with her parents near a flag station on defendant's road, called Doran Switch, some ten miles west of Warrensburg, Missouri. In her petition she complains:

"That on the afternoon of the first day of August, 1891, she became and was a passenger upon one of the defendant's passenger trains on the line of its railroad, as aforesaid, from the town of Warrensburg, in the county of Johnson, to Doran Switch, in said county,

and paid to the officer and agent of said company all the charges required of her for such passage. That notwithstanding the premises the defendant wrongfully, wantonly and without any just cause or excuse, did not stop said train at Doran Switch, as it was its duty to have done, but stopped its said train a mile and a quarter from said switch and then invited this plaintiff to alight therefrom, assuring her that it was only a short distance to the place of her destination. That the place in which she was left was unfrequented, and that she was compelled to travel the distance of a mile and a quarter afoot, back to the said Doran Switch; that she was unaccustomed to endure the fatigue or perform said journey afoot; and that at her tender age, and being left in an unfrequented place, she became greatly frightened and subjected to great peril of being assaulted by viciously disposed persons accustomed to travel up and down defendant's railway track, commonly called tramps. And that by reason of all the premises and by reason of being so greatly frightened, she was prostrated physically for a long time thereafter and suffered great distress of mind and body, to her damage in the sum of $1,000, for which she prays judgment.''

The answer was a general denial coupled with a plea of contributory negligence.

A jury was waived and the trial judge found the facts substantially as declared in the petition, to wit: that on the afternoon of August 1, 1891, the plaintiff boarded one of the defendant's passenger trains at Warrensburg, and paid to the conductor the regular fare to Doran Switch, ten miles west, where such train was accustomed to stop when its business required. The conductor carelessly permitted the train to pass the station without stopping; but at a point a mile and a quarter west of Doran, the train was stopped and plain-

tiff invited to get off.   She at first declined and asked
to be put off back at the station.  The conductor refused,
insisting that the girl should alight there.  Said conductor
and brakemen then assisted her in getting off the train,
together with her valise, weighing from twenty to forty
pounds.   The conductor pointed out the switch back
east a mile and a quarter and then moved on, leaving
the girl to make her way back to the station as best she
could.   In going back to Doran, the plaintiff was com-
pelled to walk the track, passing through a cut of three
or four hundred yards in length, and about twelve to
fifteen feet deep, and across three or more ravines over
which there were bridges or culverts.   The court, in its
finding, further says that "the evening was very warm,
and the plaintiff, after getting off the train, took the
valise in her hand and started for the switch.  Through
fright, occasioned by fear of meeting tramps, "or some
one else," she ran all the way to the switch and reached
there very warm, tired, and crying, and had to be helped
into the wagon and could not speak for some time."

·The evidence tended further to prove, and the court
so found, that by reason of such fright and violent
exercise in reaching the station, the plaintiff was made
sick and very nervous and was so up to the time of the
trial.

The trial court found for the plaintiff, assessing her
damages at $600, and defendant has appealed.

A careful reading of the evidence adduced at the
trial of this cause and the court's finding of facts
thereon, has impressed us that the plaintiff has a meri-
torious case.   On the facts found by the trial judge, she
ought clearly to recover.   The plaintiff engaged the
defendant to carry her from Warrensburg to Doran.   It
failed to perform this duty, negligently carried the
plaintiff beyond her destination, and, against her will,

put her and her baggage off the train some distance therefrom.

We must, however, reverse the judgment and remand the case, because of the court's action in considering as an element of damage the mental distress and fright of the plaintiff which she experienced after leaving the train. It seems to be the settled law that mental anguish, distress of mind, or fright, unaccompanied with physical or bodily injury, affords no ground of action. Wood's Mayne on Damages, p. 74 (note); Pierce on Railroads, 302; *Trigg v. Railroad,* 74 Mo. 147; *Connell v. Telegraph Co.,* 116 Mo. 34, and other authorities cited in defendant's brief.

A few brief quotations from the books illustrate the character of the decisions. Our supreme court has said: "The general rule is that pain of mind, when connected with bodily injury, is the subject of damages; but it must be so connected in order to be included in the estimate." *Trigg v. Railroad, supra.*

In *Connell v. Telegraph Co., supra,* the question in the case was thus stated: "Where a telegraph company is advised by the contents of a message that great mental suffering and pain will naturally result from its neglect to transmit and deliver the message promptly, can damages be recovered by the sendee for such mental agony and distress caused by a failure to promptly transmit and deliver?" The *quaere* was answered in the negative, the court announcing: "That an action for mental anguish, disconnected with physical injury, for the breach of a contract, could not be maintained at common law, with the single exception of the breach of a marriage contract, we think is abundantly established." The court, after reviewing the decided cases *in extenso,* concludes that, "we find in none of them any reason for adopting the rule that for the mere negligent failure to comply with a con-

tract, damages may be recovered on the sole ground of injured feelings, when the plaintiff has suffered no physical injury."

In the case just cited, the right to recover other actual damages for the breach of contract to carry and deliver the message was conceded, but it was held that the mental distress flowing from the failure to deliver the telegram could not be considered in assessing plaintiff's damages. So, too, in the *Trigg case*, the supreme court conceded the plaintiff's right to recover for the inconvenience, loss of time, labor and expense of traveling back to the station where she should have been permitted to leave the train, but denied the right to include in the damages the anxiety and suspense of mind suffered, etc.

The reason, as generally stated, for the rule excluding fright or mental distress of any kind in the measure of damages, except when accompanied by actual physical injury, is that such a doctrine is an innovation upon long-established and well-understood principles of law; that the difficulty of estimating the proper pecuniary compensation for mental distress is so great, its elements so vague, shadowy and easily simulated, and the new field of litigation thus opened up so vast, that the courts should not establish such a rule. And it would seem quite clear that if the fright or distress of mind, unattended by bodily injury, can not be made the basis of recovery, then of course the effects thereof can not be. It was so declared in *Trigg v. Railroad, supra*.

Without further comment, then, we must hold that for the fright and mental distress which the plaintiff experienced in traveling back to Doran, after leaving the train, and whatever effects may be attributable to such fright or mental suffering, should be excluded

in estimating the extent of her recovery. The record clearly shows that the trial judges did not try the cause on this theory. The defendant asked an instruction (number 8) covering this feature and which ought to have been given.

The judgment, then, will be reversed and cause remanded. All concur.