No. 11,719.

PHILIP DAVE VS. MORGAN'S LOUISIANA AND TEXAS RAILROAD AND STEAMSHIP COMPANY.

</div>

The passenger on the railroad train is entitled to be carried to his destination; if carried beyond and made to leave the train, under the compulsion of the orders of the train officials, he is entitled to damages.

APPEAL from the Eighteenth Judicial District Court, Parish of Lafourche.  *Caillouet, J.*

*Beattie & Beattie* for Plaintiff.

*Clay Knobloch & Son, Leovy & Blair* and *Victor Leovy* for Defendant, Appellant.

The opinion of the court was delivered by

MILLER, J.  The plaintiff, a passenger on defendants' railroad, sues for damages, alleging he was forcibly ejected from defendants' train at a point not his destination, but some distance beyond, thus imposing on him the necessity of walking on a rainy night, as he alleges, for a mile or more.  The defendants concede the train passed the plaintiff's station, going a short distance further, due to the darkness of the night, but deny the alleged expulsion of the de-

Dave vs. Railroad and Steamship Co.

fendant from the train.   The judgment of the lower court was in plaintiff's favor for fifty dollars, from which the defendants appeal.

The previous decision in this court maintained this suit brought in the parish of Lafourche against the defendants domiciled in New Orleans on the theory that the expulsion of plaintiff from the train was a trespass and gave plaintiff the right to sue in Lafourche where the wrong was done.   See defendants' charter, Sec. 12;  Payne vs. R. R., 43 An. 981; Dave vs. R. R., 46 An. 273.   The proof is the train was stopped a short distance beyond plaintiff's destination. The stoppage of the train and the announcement of the station may be accepted as a direction to leave.   There is testimony that was enforced by emphatic language by the porter and conductor.  On this point the evidence is conflicting.  The District Judge reached the conclusion the plaintiff left the train under the compulsion of a peremptory order from the train officials, and in this sense the compulsion must be accepted as established.

The question then in this case is the damages the defendant must pay for putting the plaintiff off beyond the station.   The distance from the station is the subject of some variance in the testimony, but we conclude eight hundred feet would be a reasonable estimate based on all the testimony.   The night was rainy.   The plaintiff intended a visit to a neighboring plantation, and if put out at his station, he would have encountered the rain on his contemplated visit.   His action for damages is not to be depreciated because he is a field hand, but the circumstance naturally suggests that exposure to the rain as an element of his discomfort was not to him a novel experience   He complains, too, of the harsh expressions of the conductor and porter, denied by them in their testimony.   There is, of course, in this case, no proof of actual damage.   We have given attention to the argument that if plaintiff is entitled to any amount he should recover counsel fees.   If this is recognized in many cases, the recovery would be greater than any amount given if fees were not included.   We do not think the compensation to counsel should be admitted as part of the damages.   We are asked by plaintiff to increase the judgment of the lower court and by defendants to reduce; we think the verdict has done justice to the parties.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.