JACOB BOOK, Appellant, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Respondent.

Kansas City Court of Appeals, May 16, 1898.

Passenger Carriers: EJECTMENT OF PASSENGERS: ACTION EX DELICTO. A petition by a passenger for the wrongful ejectment which is set out in the opinion is held to allege the cause of action *ex delicto* and not *ex contractu.*

*Appeal from the Holt Circuit Court.*—Hon. C. A. Anthony, Judge.

Reversed and remanded.

T. C. Dungan and John Kennish for appellant.

(1) The court erred in sustaining defendant's motion to strike out part of plaintiff's petition. Holt Co. v. Cannon, 114 Mo. 514; R. R. v. Roberts, 18 S. E. Rep. (Ga.) 315; Casey v. R. R., 48 Pac. Rep. (Wash.) 53; Casey v. Oakes, 50 Pac. Rep. (Wash.) 53; Gorman v. R. R., 31 Pac. Rep. (Cal.) 1112; R. R. v. Spirk, 70 N. W. Rep. (Neb.) 926; R'y v. Reynolds, 45 N. E. Rep. (Ohio) 712; McGinniss v. R. R., 21 Mo. App. 399. (2) The court erred in declaring the law as asked by defendant, excluding from its consideration all evidence concerning the ejection of the plaintiff from defendant's train, as the tortious and wrongful ejection of plaintiff from defendant's train was the very gist of the plaintiff's action —and the same conductor who contracted and assumed to carry plaintiff to Fortescue, committed the breach of duty in failing to stop his train at that point, and wrongfully assaulted and ejected him beyond plaintiff's destination, having full knowledge of all the facts. McGinniss v. R'y, 21 Mo. App. 399; Boehm v. R'y, 65 N. W. Rep. (Wis.) 506; Pa. Co. v. Bray, 25 N. E. Rep. (Ind.) 439; R'y v. Spirk, 70 N. W. Rep. (Neb.) 926; R'y v. Reynolds, 45 N. E. Rep. (Ohio) 713. (3) The court erred in giving the declaration of law on its own motion on behalf of defendant. Such declaration was clearly wrong, in that it treated plaintiff's suit as an action for a breach of contract and not for a tort. R'y v. Reynolds, 45 N. E. Rep. (Ohio) 712; R'y v. Roberts, 91 Ga. 513; 18 S. E. Rep. 315;

McGinniss v. R'y, 21 Mo. App. 399; Gorman v. R'y, 97 Cal. 1; 31 Pac. Rep. 1112; R'y v. Hennigh, 39 Ind. 509; Hufford v. R'y, 64 Mich. 631; 31 N. W. Rep. 544; R'y v. Pansom, 17 C. C. A. 670; 70 Fed. Rep. 585, and cases cited; Pennsylvania Co. v. Bray, 125 Ind. 229; 25 N. E. Rep. 439; R. R. v. Roberts, 18 S. E. Rep. (Ga.) 315; R. R. v. Spirk, 70 N. W. Rep. (Neb.) 926.

C. A. MOSMAN for respondent.

(1) The petition stated only one cause of action, and that action was a suit for a breach of contract, for failure to stop the train at the station at which plaintiff was to alight, and carrying him by. (2) The allegations in relation to the circumstances attending the removal of plaintiff from the train were purely matter in aggravation of damages, as the trial court held. (3) Such matter, being the statement of damages that were neither the natural or probable consequences of the breach of defendant's contract in failing to stop its train at Fortescue so that plaintiff could alight, was properly stricken from the petition. Correster v. R'y, 25 Mo. App. 628, 629; Frances v. Transfer Co., 5 Mo. App. 11; Fontaine v. Schulenberg, 109 Mo. 55; R'y v. Lee, 12 So. Rep. 48; Nelson v. R'y, 68 Mo. 596; Kelly v. R'y, 70 Mo. 606; Snyder v. R. R., 60 Mo. 413; State ex rel. v. Springer, 45 Mo. App. 252; Turner v. Gibbs, 50 Mo. 556. (4) The pleadings and the evidence conclusively show that any injury, loss or damage sustained by plaintiff was caused by his refusal to alight from the train.

ELLISON, J.—This action is based on the following amended petition which fully explains the nature of plaintiff's case:

"Plaintiff for his amended petition and cause of action herein, states that the defendant is a corpora-

tion, and was at all the times hereinafter mentioned, a railroad corporation, organized and existing under the laws of the state of Illinois, and in the possession of, and operating a line of railway in Holt county, Missouri, from the town of Napier, to the Missouri river, and engaged as a common carrier, in conveying passengers on its said line for compensation. That the town of Fortescue is a railway station on the defendant's said railway in said county, where all of the defendant's passenger trains on said railway, at all the times hereinafter mentioned, stopped to receive, and let off passengers, and where defendant has a railroad depot, provided with a waiting room for passengers, and with a ticket office; and where defendant keeps and maintains an agent in said office to attend to, and transact all defendant's railroad business transacted thereat, and to represent the defendant in all business matters generally at said place.

PETITION.

"Plaintiff further states, that on or about the third day of October, A. D. 1894, he became, and was, a passenger upon one of the defendant's passenger trains on the line of its said railway from the said town of Napier in said county to the said town of Fortescue, in said county, and paid his fare for such passage to the conductor in charge of the said defendant's said train, to wit, the sum of ten cents, which said sum was received and accepted by the said conductor.

"That it became and was the duty of the defendant to convey plaintiff as such passenger to the said town of Fortescue, and to stop said train at the usual stopping place, in said town of Fortescue, and at the depot, and give the plaintiff an opportunity to get off said train, and to protect the plaintiff from insult, unkindness and abuse from the defendant's servants, in charge of the said train, as well as from all other persons, and to treat plaintiff with kindness while a

passenger upon said train, and while alighting there-from.

"That notwithstanding the premises, the defend-ant did not stop said train at the said town of For-tescue, or at the depot thereat, but on the contrary, the defendant purposely, wrongfully, willfully, negligently, recklessly and wantonly, ran said train at a great rate of speed through, by, and beyond the said town of Fortescue, and past the said depot thereat, without stopping, a distance of about one mile and then and there stopped the said train at an unfrequented spot, and not at any usual stopping place, or near any dwelling house, and where the said defendant's said roadbed was graded up high, making it inconvenient and dangerous for one to get off, or alight from said train, and the defendant by its conductor and agent ordered the said plaintiff to get off of said train, and upon the said plaintiff requesting him, the said con-ductor, to back the said train to the town of For-tescue, and let him, plaintiff, off, or to take him to the next station on said defendant's railway and return him by defendant's next train, *defendant's conductor became very insulting and greatly angered, and suddenly, and without any warning whatever, with great force and violence, unlawfully, willfully, wrongfully and wantonly laid his hands upon, and seized hold of the plaintiff, and with great and unnecessary force and violence, willfully, wrongfully, and maliciously ejected and threw the said plaintiff off of, and from, said train, and down said grade and embankment, onto the ground, greatly injuring the plaintiff, by bruising and wounding him upon his body and limbs so that the said plaintiff became lame, sore and sick, and permanently injured.*

"The plaintiff was thereafter unable to attend to his business for a long time, and is now and has been since said acts and injuries physically unable to

perform the same labor and work that he did before. That plaintiff suffered and still suffers therefrom, great pain and mental anguish. That he was compelled to, and did expend the sum of twenty-five dollars in doctoring and trying to cure himself of said injuries. That the said conductor, at the said time, in the presence of a great number of other passengers ejected said plaintiff as aforesaid from said train, *and in a very insulting and offensive manner informed and stated to the plaintiff, at the time, that he would learn the plaintiff to hereafter pay his fare, and used other insulting and abusive language to and toward the plaintiff, all of which was said at the time the plaintiff was so ejected from said train, in the presence of said passengers, which greatly wounded the feelings of the plaintiff and humiliated and disgraced him,* the said plaintiff.

"That by reason of all of said wrongful acts of said conductor as aforesaid, and by means of all the premises as aforesaid, plaintiff says that he is damaged in the sum of fourteen hundred dollars ($1,400), for which he asks judgment, and also for the further sum of five hundred dollars ($500) as exemplary damages as a warning to others, and for his costs of suit."

The court sustained defendant's motion to strike out the parts of the petition in italics. And at the close of the evidence, on trial before the court without a jury, ruled that plaintiff's petition was based on the contract of carriage of plaintiff as a passenger from Napier to Fortescue. The court gave for defendant the following declaration: "In the consideration of its verdict in this case, the court will disregard all evidence in respect to the action of defendant's servants in ejecting plaintiff from the train after it had stopped a short distance west of Fortescue. The plaintiff not being entitled to recover any damages on account

thereof under the pleadings and evidence in the case."
The court then gave plaintiff judgment for $10, from
which he appealed.

In our opinion the court took an erroneous view
of the matter. Plaintiff's petition is a detailed state-
ment of facts which make up his case. The portions
stricken out of the amended petition were merely a
statement in greater detail of the wrongs charged in
the first petition to have been perpetrated upon him.
The amended petition, as a whole, was simply a more
specific statement of the same cause of action stated
in the original petition. What was the cause of action
thus stated? We are satisfied that it was one sounding
in tort for the alleged willful conduct of defendant's
servants. It is of no importance that the matters
alleged in the petition included and involved a breach
of contract of carriage. They likewise included a
breach of duty and constituted a tortious invasion of
plaintiff's right of freedom from injury and insult. In
R'y v. Reynolds, 55 Ohio St. 370, the court said:

"Not only the better reason, but the greater weight
of authority are to the effect that when a passenger is
ejected in a case like the present, he may recover dam-
ages as for a tort, for though the relation of the par-
ties had its origin in contract, the ejection is in the
nature of a tort, and he is not limited to such damages
as would be proper in a mere breach of contract."
That case was on account of a wrongful ejecting from
the train and, so far as the point here involved is con-
cerned, is like the one at bar, as is also R'y v.
Roberts, 91 Ga. 513.

The authorities cited by defendant have no proper
application to the case. They relate to cases involving
altogether different considerations. Here the plaintiff
was rightfully on the train and was carried by the sta-
tion where he was to leave and wrongfully forced off

at a point between stations. He was not at fault in any manner. He had made no mistake in trains. He had not neglected to leave the train at the station of his destination. He did not bring any injury upon himself. He committed no act, and does not make claim for any act of his, which he committed to enhance his damages. Indeed he did none of the things commented on in the cases cited by defendant. His case is wholly unlike those.

The plaintiff is entitled to a trial on his amended petition which alleges a cause of action *ex delicto*.

The judgment will therefore be reversed and the cause remanded. All concur.