JACOB BOOK, Respondent, v. CHICAGO, BURLING-
TON & QUINCY RAILWAY COMPANY, Appel-
lant.

Kansas City Court of Appeals, June 11, 1900.

Passenger Carriers: CARRYING PASSENGER PAST DESTINA-
TION. Where a passenger is carried beyond his station through no
fault of his own, he may not be arbitrarily and violently put off
where there is no dwelling and remote from any station. If he is
put off under such circumstances he may recover substantial damages.

Appeal from the Holt Circuit Court.—*Hon. Gallatin Craig,*
Judge.

AFFIRMED.

*J. W. DeWeese, Spencer & Mosman* and *J. W. Stokes*
for appellant.

(1)   Plaintiff Jacob Book had no right to remain on the
train after it had stopped, and he had been requested to
alight; and when he refused to alight the conductor had
a right to put him off.   Logan v. Railway, 77 Mo. 663;
Railroad v. Pierce, 3 Am. and Eng. Ry. cases, 340.  (2) The
law does not authorize and empower anyone, no matter how
grievously his rights may have been violated by another, to
determine for such other the way and manner in which rep-
aration shall be made; or the amount of compensation that
shall be paid him therefor; nor does it authorize him to dis-
train the property of such other until the reparation he de-
mands is made.   Townsend v. Railway, 56 N. Y. 295; Rail-
road v. Gants, 38 Kan. 619; Railway v. Olds, 40 Ill. App.
421; R. S. 1889, sec. 2581; Shular v. Railway, 92 Mo. 339.
(3)   The failure to stop the train at Fortescue and permit

plaintiff to alight there was not the proximate cause of his expulsion. Railway v. Kellogg, 94 U. S. 475; Henry v. Railway, 76 Mo. 289; Railway v. Trich, 34 Am. and Eng. Ry. Cases 549; Brown v. Railway, 20 Mo. App. 222; Corrister v. Railway, 25 Mo. App. 619; Sira v. Railway, 115 Mo. 127; Francis v. Railway, 5 Mo. App. (7) 11 and 12; Morse v. Duncan, 8 Am. and Eng. Ry. 374; Railway v. Groesbeck, 24 S. W. Rep. 702. (4) The damages plaintiff is entitled to recover for defendant's failure to stop its train at the station platform and permit him to alight there, can not be increased by his refusal to alight, and thus compelling the conductor to forcibly eject him from the train. Logan v. Railway, 77 Mo. 669; Railway v. Gant, 38 Kas. 608,618; Gibson v. Railway, 30 Fed. Rep. 904; Townsend v. Railway, 56 N. Y. 295; see cases cited p. 59 and 60, *supra*. (5) The plaintiff, on refusing to alight from the train after it had stopped west of Fortescue, was a trespasser. Lillis case, 64 Mo. 473; Railroad v. Wright, 68 Ind. 595; Turner v. McCook, 77 Mo. App. 201.

*John Kennish* and *T. C. Dungan* for respondent.

(1) No error was committed by the court in admitting evidence against defendant's objections, or in refusing instructions asked by the defendant, or in giving the instructions asked by plaintiff—as such alleged errors were passed upon by this court, in the former appeal in this cause, and are *res adjudicata*. Book v. Railway, 75 Mo. App. 604. "If the cause is tried with substantial conformity to the former decision in the same case, it will be affirmed." Commission Co. v. Bank, 35 Mo. App. 472; Hombs v. Corbin, 34 Mo. App. 393; Cherry v. Railway, 61 Mo. App. 307; Cherry v. Railway, 52 Mo. App. 499; Fink v. Ins. Co., 66 Mo. App. 513, and cases cited.

ELLISON, J.—This case was before us on another appeal and will be found reported in 75 Mo. App. 604. It will be seen from that report that the trial court struck out a portion of plaintiff's petition and then gave a declaration that plaintiff was not entitled to recover for being wrongfully ejected from the train. The case was reversed and remanded. At the trial had after the cause was returned to the circuit court plaintiff recovered substantial damages and defendant again appealed.

There was evidence tending to prove that plaintiff was a passenger on defendant's train destined for the town of Fortescue, to which place he paid his fare. That the train did not stop there, but carried him beyond a distance of about three-fourths of a mile and across a small river, when it was stopped, the conductor directing him to get off there. The place was not near any dwelling. Plaintiff objected to getting off and requested that he be taken back to the station or carried further on, some four or five miles, to the next station. The conductor refused to do either unless plaintiff would pay additional fare. This, plaintiff refused to do, and still refusing to leave the train, the conductor took hold of him in such violent manner as to injure him and partially carried him to the platform and threw him off down the car steps onto the ground, fracturing two of his ribs and at the same time saying: "D—n you, I will learn you to pay the fare when you ride on the train."

We have not discovered any reason why what we said on the former appeal should not be adhered to. Plaintiff was rightfully on that train. He was carried beyond his station through no fault of his and when the train was stopped his proposition to the conductor was certainly reasonable. Defendant's theory is that plaintiff should have gotten off the car and sued on his contract of carriage

merely for the damage (perhaps nominal) for being carried by. We consider such theory wholly unreasonable. If such is the rule it could be applied to a woman or child in the night time or in a storm. It is a singular idea that a carrier can wrongfully carry a passenger beyond his destination and then be allowed to choose arbitrarily the time and place where, between stations, he shall quit the train. The least regard for the rights of plaintiff; the least recognition of regret for the wrong which had been put upon him would have suggested to the conductor to carry him to the next station. But instead of that he, being wholly innocent of any wrong, error or mistake, is subjected to humiliating and brutal treatment.

There is a class of cases where a passenger who gets upon the wrong train, or has not been sold the proper ticket by the carrier's agent, or has been otherwise misled or misdirected, may be required to leave the train. Even then, it ought to be at some reasonably proper place. But this is not such a case. If the evidence for plaintiff is to be believed and, since the verdict, we must accept it as true, defendant ought not to complain of the result. The judgment is affirmed. *Smith, P. J.*, concurs; *Gill, J.*, absent.