### The Illinois Central Railroad Company

*v.*

### Blanche Latimer, a minor.

*Filed at Springfield April 5, 1889.*

1. BOND FOR COSTS—*in suit in behalf of minor—at what stage of the suit it may be filed.* An action brought by the next friend of an infant without an order of appointment or the filing of a bond for costs, will not be dismissed, if such bond be given when so ordered by the court. The giving of the bond for costs is not a jurisdictional matter.

| | |
|---|---|
| 128 | 163 |
| 35a | 343 |
| 128 | 163 |
| 142 | 67 |
| 146 | 621 |
| 128 | 163 |
| 151 | 286 |
| 128 | 163 |
| 73a | 521 |
| 128 | 163 |
| 84a | 170 |
| 128 | 163 |
| 184 | 504 |
| 185 | 405 |
| 128 | 163 |
| 91a | 6483 |
| 128 | 163 |
| e188 | 1585 |

2. RAILROADS—*removing passenger for non-payment of fare—circumstances to be considered—what is a regular station.* In an action of trespass by a girl of about six years of age, against a railway company, for putting her off the train at a point about half a mile from its depot, but within the same town, for non-payment of fare, there is no error in allowing the plaintiff to prove that there was an extra train following the one from which the expulsion was made. The fact that in a few minutes a train was expected to arrive at the place of expulsion, is a circumstance proper to be considered by the jury in connection with all the other facts upon the question whether it was proper or improper for the conductor to put the plaintiff off at that particular point.

3. The regular stations on a railway at which the conductor is authorized, by section 94, chapter 114, to remove, or cause to be removed, a passenger for a refusal to pay fare, are the places on the railway where passenger trains usually stop for the purpose of having passengers get on and off such trains. The statute does not authorize the expulsion of a passenger for non-payment of fare at any place in the town or village in which the company may have its passenger depot building, other than at such depot platform.

4. EVIDENCE—*opinions of experts.* In a suit by a child six years old, against a railway company, to recover for injury sustained by ejecting her from a train, the plaintiff endeavored to prove that she was suffering from heart disease, produced by the fright she received when put off the train, and asked physicians whether fright would produce the heart trouble : *Held,* that the question was proper.

5. PLEADING—*joinder of counts—as to acts done by the principal, and by an agent.* In trespass by a passenger against a railway company, for expulsion from a train at a place not a regular station, for non-payment of fare, the first count charged that the trespass was committed by the defendant corporation, while the second averred that the defendant, by its conductor, committed the trespass : *Held,* no misjoinder of counts, as they both charge a trespass by the defendant.

6. ASSIGNMENT OF ERROR—*as to instructions requested on a given question.* Where both parties ask the court to instruct the jury on the question of exemplary damages, and thereby concede that such question is involved, neither can be heard to assign for error the fact that the court complied with his request. A party can not demand of the court that it rule upon a certain branch of the case, and then be heard to say that the court had no right to rule upon that branch of the case at all.

APPEAL from the Appellate Court for the Third District ;— heard in that court on appeal from the Circuit Court of DeWitt county ; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. Moore & Warner, for the appellant:

The suit having been brought by the next friend without any previous authority or appointment by the court, and without entering into bond for costs, and filing the same in court before or at the time of commencing the suit, it should have been dismissed on plaintiff's motion. Rev. Stat. chap. 64, sec. 18, as amended by Laws of 1881, p. 98.

The first count of the declaration charging the appellant with one offense, and the second count charging one Finch with the same or another offense, there is a misjoinder of counts, and the court erred in refusing to carry appellee's demurrer back to the declaration. Chitty's Pl. 205; *Mining and Transportation Co.* v. *Ullman,* 89 Ill. 244.

The court erroneously allowed appellee to propound improper questions, that were objected to by appellant, to the witnesses introduced as experts, and allowed such witnesses to give improper answers thereto. 1 Greenleaf on Evidence, sec. 585; *Henry* v. *Hall,* 13 Bradw. 343; *Railroad Co.* v. *Railroad Co.* 67 Ill. 142; *Hoerner* v. *Koch,* 84 id. 408; *Railway Co.* v. *Shires,* 108 id. 617.

An instruction should not assume as a fact anything material to the issue. *Railroad Co.* v. *Zang,* 10 Bradw. 594; *Railroad Co.* v. *Hall,* 90 Ill. 43; *Railroad Co.* v. *Shelton,* 66 id. 424; *Morey* v. *Pierce,* 14 Bradw. 91; *Bradley* v. *Coolbaugh,* 91 Ill. 148; *Village of Warren* v. *Wright,* 3 Bradw. 602; *Wharton* v. *People,* 8 id. 232.

The court should not, in its instructions, intimate as to the weight of the evidence, or call attention to particular testimony that is not decisive of the case. *Frame* v. *Badger,* 79 Ill. 441; *Graves* v. *Colwell,* 90 id. 612; *Railroad Co.* v. *Hall,* id. 42; *Life Ins. Co.* v. *Dill,* 91 id. 174; *Coon* v. *People,* 99 id. 368; *Railway Co.* v. *Moranda,* 108 id. 576.

The evidence in the case did not warrant the court in instructing the jury, for appellee, that they might find exemplary or vindictive damages. *Railroad Co.* v. *Patterson,* 63 Ill. 304;

*Pierce* v. *Millay,* 44 id. 189; *Railroad Co.* v. *Dewin,* 86 id. 296; *Railroad Co.* v. *Dunn,* 52 id. 451; *Railroad Co.* v. *Boger,* 1 Bradw. 472; *Waldron* v. *Marcier,* 82 Ill. 550.

An instruction which fails to tell the jury that they should be governed by the evidence in their assessment of damages, is erroneous. *Railway Co.* v. *Frazier,* 19 Bradw. 92; *Martin* v. *Johnson,* 89 Ill. 537; *Railroad Co.* v. *Sykes,* 96 id. 162; *Rolling Mill Co.* v. *Morrissey,* 111 id. 646.

The damages are excessive. *Railroad Co.* v. *Dunn,* 52 Ill. 451; *Railroad Co.* v. *Payzant,* 87 id. 125; *Railroad Co.* v. *Cunningham,* 67 id. 316.

Mr. R. A. LEMON, for the appellee:

The court properly refused to dismiss the suit for a failure to file bond before suit brought, and in allowing one to be filed after the motion. Starr & Curtis' Stat. p. 1241, sec. 18; *Patterson* v. *Pullman,* 104 Ill. 87; *Lee* v. *Waller,* 13 Bradw. 403; *Baker* v. *Palmer,* 83 Ill. 570.

Appellant, by pleading to the declaration, waived all previous questions on the demurrer, (*Brooks* v. *People,* 11 Bradw. 422, *Quincy Coal Co.* v. *Hood,* 77 Ill. 68,) and no motion in arrest of judgment was made.

A general objection to a question only raises the question whether or not the subject matter of the inquiry is proper or relevant, and does not go to the form of the question. In all cases where the cause of the objection can be removed or obviated, our practice requires that the objection be specific. *Wilson* v. *King,* 83 Ill. 232; *King* v. *Railroad Co.* 98 id. 376; *Railroad Co.* v. *Morgan,* 69 id. 492; *Chicago* v. *Stearns,* 105 id. 554.

The court submitted the question of exemplary damages at the special request of both parties.

In actions for torts, the damages for which can not be measured by a legal standard, all the facts constituting and accompanying the wrong should be proved; and though there be a

legal standard for the principal wrong, if aggravations exist they may be proved to enhance damages, and every case of personal tort must necessarily go to the jury on its special facts. These embrace the *res gestæ*, and the age, sex and *status* of the parties,—and this whether the case be one for compensation, only, or also for exemplary damages, where they are allowed. 1 Sutherland on Damages, p. 745.

A regular station means a regular station for passengers to get on and off the train. *Railroad Co.* v. *Flagg,* 43 Ill. 364; *Railroad Co.* v. *Parks,* 18 id. 465; *Railroad Co.* v. *Vanatta,* 21 id. 188.

Mr. Justice Magruder delivered the opinion of the Court:

This is an action of trespass, brought in the Circuit Court of De Witt County, on June 28, 1887, by the appellee, a girl six years old, who sues by her mother and next friend, against the appellant Company, to recover damages for the removal of appellee, at a place other than a regular station, from a passenger train of cars operated by appellant between Wapella and Clinton in said county, while the appellee was riding thereon as a passenger. The verdict and judgment in the Circuit Court were in favor of the plaintiff, and such judgment, having been affirmed by the Appellate Court, is brought here by appeal from the latter court. All the questions of fact are settled by the judgment of the Appellate Court.

*First,* it is assigned as error, that the Circuit Court refused to dismiss the suit, upon motion of defendant below, because it was brought by a next friend without previous authority or appointment by the court, and without filing a bond for costs before or at the time the suit was commenced. When the motion to dismiss was overruled, a cross-motion by the plaintiff below for leave to file a bond for costs was allowed, and the plaintiff, in obedience to a rule by the court, filed the bond on the same day. The error is not well assigned.

Section 18 of chapter 64 of the Revised Statutes, being "An Act in regard to guardians and wards," (Starr & Cur. Stat. page 1242) contains a proviso to the effect "that any suit may be commenced and prosecuted by any minor by his next friend, without any previous authority or appointment by the court, *on* such next friend entering into bond for costs, and filing the same in the court in which such suit is instituted." The proviso must be construed in connection with the part of the section, which precedes it. The preceding portion of the section directs, that "nothing contained in this act shall impair or affect the power of any court  \*  \*  \*  to appoint or allow any person as next friend for a minor to *commence, prosecute* or *defend* any suit in his behalf." The power is here conferred to appoint a next friend to "prosecute" the suit, as well as to "commence" it. The prosecution is designated as being distinct from the commencement of the suit. It follows that a next friend might be appointed to prosecute after the suit was commenced. This must be kept in mind in determining the meaning of the language used in the proviso. The words of the latter must be taken to mean, that without previous authority to "prosecute," as well as in the absence of previous authority to "commence," the suit may be "prosecuted" as well as "commenced" by filing a bond for costs. On entering into the bond and filing it in court at any time during the prosecution of the suit when the court shall so order, the suit may proceed. The filing of the bond is a substitute for the previous appointment, whether it be an appointment to prosecute, or to commence the suit. The design of the statute in conferring upon the court the power to appoint a next friend was to insure the conduct of the suit by a responsible person. This end can be gained by the filing of a good bond for costs, whether it be done at the beginning of the suit, or after the suit has been begun. We do not agree with counsel in the view advanced by them, that the filing of the bond is a "pre-requisite and jurisdictional necessity." (*Baker* v. *Palmer*, 83 Ill. 568.)

*Second*, it is assigned for error that certain questions, asked of some of the witnesses, were improper, and that certain testimony, which was admitted, should have been excluded. We can not stop to notice all of the objections, made by counsel for defendant upon the trial below. Many of these objections are extremely technical, but they arrange themselves mainly under two general heads. In the first place, objection is made to testimony, introduced by the plaintiff for the purpose of showing, that an extra train was following the train, from which plaintiff was ejected, and was expected to reach and, as matter of fact, did reach the point, at which she was put off, in about fifteen or twenty minutes after her removal. The evidence tends to show, that the appellee was placed upon the train by her uncle, in the afternoon of June 14, 1887, at Wapella, for the purpose of being carried from Wapella to her home in Clinton, distant about four and a half miles; that the conductor found her in one of the cars with a paper hatbox in her hands, and asked for her fare, which amounted to about seven cents; that the child had no money with which to pay her fare; that the conductor then stopped the train at a point within the corporate limits of Wapella, but about a half of a mile south of the passenger depot, and there put the little girl off with her box; that she ran back towards the depot, crying as she went, and being obliged to pass a cattle guard and culvert on her way.

Counsel for appellant admit that railroad companies are not allowed to put off even adult passengers "at out-of-the-way places and at a distance from possible aid, food and shelter." They claimed on the trial below, and are claiming here, that the conductor had as much right to put appellee off the train at any point within the corporate limits, as at the platform of the depot. The character and location of the place, where the removal took place, and all the circumstances attending the act of removal, were matters about which both sides introduced testimony. The fact, that in a few moments a train was ex-

pected to arrive at the place of removal, was a circumstance proper to be considered by the jury, in connection with all the other facts in the case, as bearing upon the question whether it was proper or improper for the conductor to make the removal at that particular point.

In the next place, the plaintiff endeavored to show that she was suffering from functional disease of the heart, produced by the fright she suffered when ejected from the train. Upon this branch of the case physicians were placed upon the stand as expert witnesses. Appellant objects, that certain questions, addressed to the medical witnesses, required them to express their opinions upon the evidence, and that they were thereby made to usurp the function of the jury in deciding whether or not the affection of the heart was produced by the act of ejection from the train. In other words, it is claimed, that the questions objected to are such as were condemned by this court in *C. & A. R. R. Co.* v. *S. & N. W. R. R. Co.* 67 Ill. 142, and *Hoener* v. *Koch*, 84 id. 408. In the first case, a witness was asked, what would be the damages to the defendant, if certain work was done? In the second, a witness was asked, whether, taking the facts as he understood them, he saw any evidence of malpractice?

No such interrogatories, as those commented upon in the cases cited, were addressed to the witnesses in the case at bar. The physicians, who were examined on the trial below, were asked whether fright would produce the heart trouble, with which appellee was said to be afflicted. It was proper for them to give their professional opinion upon this subject.

*Third*, the giving and refusal of instructions are objected to mainly upon two grounds. The first relates to the definition of "regular station." Section 94 of chapter 114 of the Revised Statutes (Starr & Cur. Stat. page 1944) contains these words: "If any passenger on any railroad car * * * shall refuse, upon reasonable demand, to pay his lawful fare, etc., * * * it shall be lawful for the conductor of the train to remove, or

cause to be removed such passenger from the train at any regular station." The instructions given for the plaintiff defined the term, "regular station," to mean "the place on the railroad where passenger trains usually stop for the purpose of having passengers get on and off such trains," while several instructions, asked by defendant and refused, defined such term to mean "the town or village in which a railroad company may have its passenger depot building," and not "the depot platform of a railroad company." We think the definition laid down in the given instructions was substantially correct, and in accord with the decisions of this court. (*C. & A. R. R. Co.* v. *Flagg*, 43 Ill. 364; *C., B. & Q. R. R. Co.* v. *Parks*, 18 id. 465; *T. H., A. & St. L. R. R. Co.* v. *Vanatta*, 21 id. 188).

It is not claimed on either side, that it was usual or customary for passengers to get off and on the trains at the place where appellee was put off. It is not contended, that any passenger was ever known to get on or off at that point. A railroad company does not comply with the statute, when it puts a passenger off at a point on its track distant from a fourth to a half of a mile from the depot platform, even though such point be within the corporate limits of the village or city, where such depot is located.

The second ground of objection to the instructions is that they called the attention of the jury to the question of exemplary or vindictive damages. Without passing upon the correctness or incorrectness of such instructions, we deem it sufficient to say, that appellant itself requested the jury to be instructed upon this subject. The question was submitted to the jury at the special request of both parties. A party can not demand of the court, that it rule upon a certain branch of the case, and then be heard to say that the court had no right to rule upon that branch of the case at all. He may challenge the correctness of the finding of the jury on the question of fact submitted to them by the instructions, but he can not be heard to say that it was error for the court to com-

ply with his own request in submitting the question to the jury. (*Lahr* v. *M. E. R. Co.* 104 N. Y. 268.)   An inspection of the instruction shows, that the question of punitive or exemplary damages was conceded by the appellant to have been involved in the case.   Counsel for appellant did not ask the trial court, by instruction or otherwise, to rule that the question was not involved.   On the contrary three instructions were given upon this subject at his request, which were only slightly modified by the trial court.   One was, "that exemplary or vindictive damages should not be allowed or given in this case, unless the jury find from the evidence, not only that the defendant is guilty, but also that it, *by its conductor*, acted maliciously or wantonly, and with wrongful intent."

The instruction thus quoted was given as drawn by appellant's counsel, except that the court inserted the words, "by its conductor."   These words do not change the principle announced in the language made use of.

Appellant makes the point that there was a misjoinder of counts in the declaration.   If the record were in such shape as to permit this point to be made here, it is without force. The first count charges that the trespass was committed by appellant as a corporation.   The second count substantially avers that appellant by its conductor or agent committed the trespass.   It can not be said that two acts of trespass are alleged to have been committed by two persons, one by the company and one by Finch, the conductor.   In substance, the trespass is charged in both counts to have been committed by appellant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*