## WOLF GOLDSTEIN

*v.*

## JOHN REYNOLDS.

*Opinion filed April 18, 1901.*

1. PLEADING—*plea of non est factum only puts in issue the execution of the instrument.* In an action of covenant on a lease a plea of *non est factum* only puts in issue the execution of the lease, and does not deny the alleged breach or set up any other matter of defense.

2. INSTRUCTIONS—*right of defendant to instruction as to the effect of· surrender of lease.* In an action of covenant on a lease, where a plea of release is interposed and both parties treat the pleadings as broad enough to admit testimony tending to show a surrender of the demised premises, and the acceptance thereof and of a new tenant, by the plaintiff, who obtained an instruction to the jury upon the theory that the defense of surrender was before them for determination, defendant is entitled to have the jury instructed on his theory of the state of the proof as to what constitutes a surrender and the effect of a surrender as a defense to the action.

*Goldstein* v. *Reynolds*, 86 Ill. App. 390, reversed.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. C. G. NEELEY, Judge, presiding.

Two separate actions in covenant were instituted by the defendant in error against the plaintiff in error,—the first to recover the sum of $90, the monthly rental of certain premises in Chicago, being a business house known as 415 South Clark street, for the month ending February 5, 1895, under the terms of a lease executed by the defendant in error as landlord and the plaintiff in error as lessee; the second, to recover the monthly rental of said premises from and after the expiration of the rental period sued for in the first declaration, to the first day of May, 1896,—the period of the termination of the lease. By agreement of the parties the two suits were consolidated and tried as one cause.

The plaintiff in error filed two pleas,—one a plea of *non est factum* and the other a plea of release, as follows: "And for a further plea in this behalf the defendant says that the plaintiff ought not to have his aforesaid action against him, the defendant, because, he says, that after the making of the several promises in the said declaration mentioned, and before the commencement of this suit, the plaintiff, for a valuable consideration, by a verbal agreement then and there entered into, released to the defendant the said several promises and all demands and causes of action whatsoever which the plaintiff then had against him by reason of any matter or things previous to that time; and this the defendant is ready to verify, wherefore he prays judgment if the plaintiff ought to have his aforesaid action," etc.

The defendant in error joined in issue on the plea of *non est factum* and traversed the truth of the plea of release. A hearing before the court and jury resulted in a judgment against the plaintiff in error on both causes of action. The Appellate Court affirmed the judgment, and this is a writ of error to bring the record into review in this court.

KRETZINGER, GALLAGHER & ROONEY, for plaintiff in error.

YOUNG, MAKEEL, BRADLEY & FRANK, for defendant in error.

Mr. CHIEF JUSTICE BOGGS delivered the opinion of the court:

The plea of *non est factum* only put in issue the execution of the lease. Such a plea in the action of covenant does not deny the alleged breach of the covenant or set up any other matter of defense. (5 Ency. of Pl. & Pr. 378.) In an action of covenant a release must be specially pleaded. (18 Ency. of Pl. & Pr. 89, 90.) The plaintiff in

error did not offer any testimony in support of the plea of *non est factum.*

As being in support of the issue on his behalf, the plaintiff in error produced the testimony of four witnesses, to the effect that he was a merchant and had occupied the demised premises, as the tenant of the defendant in error, for nineteen years; that he contracted to sell his stock of merchandise and business to the firm of Goldstein & Co., with which he had no connection; that the defendant in error, at the time of the sale of the stock, came to the business room which constituted the demised premises, and there the plaintiff in error asked him to accept the firm of Goldstein & Co. as his tenants and to look to them for the rents, and to cancel the lease and relieve the plaintiff in error from further liability or responsibility as to future accruing rents; that both members of the firm of Goldstein & Co. were present and joined in the proposition that they should be accepted as tenants instead of plaintiff in error and should become liable to the defendant in error for the payment of the rent; that defendant in error responded that he would accept the new firm as his tenants and would not hold or regard the plaintiff in error as longer liable or responsible to him for the rent; that the new firm entered into possession of the demised premises as tenants of the defendant in error, and paid to him, and he accepted from them, the rent therefor, monthly, for the period of six months, save the sum of five dollars, which, by agreement between the defendant in error and said firm of Goldstein & Co., was deducted from the rent to compensate the firm for some repairs made by them. No objection was preferred on behalf of the defendant in error to the introduction of this testimony or any portion of it. On the contrary, the defendant in error, by his own testimony, endeavored to overcome that produced on behalf of the plaintiff in error. He, however, denied only so much of the testimony produced in behalf

of the plaintiff in error as related to a conversation between himself and plaintiff in error. He produced no other witness than himself, and the case went to the jury on this state of proofs. The evidence produced by the plaintiff in error tended to show the surrender of the demised premises by the tenant and the acceptance thereof, and of a new tenant, by the landlord, and the preponderance in point of number of witnesses was in favor of the plaintiff in error.

The defendant in error procured the court to instruct the jury on the theory that the defense of a surrender was before them for determination. Instruction No. 1 in that behalf is as follows:

"The court instructs the jury, as a matter of law, that the acceptance of rent by the landlord from a sub-tenant, or the assignment of the lease by the original tenant, does not release the original tenant from the payment of rent during the period covered by the lease, unless it clearly appears that it was the intention of the parties that the first tenant should be discharged and that the landlord should look to the new tenants for the rent which afterwards accrues; and in this case, if you believe, from the evidence, that the defendant, Goldstein, assigned his lease or sub-let the premises, and that the plaintiff, Reynolds, accepted rent from the new tenant, such acceptance of rent by Reynolds from the new tenant would not, of itself, as a matter of law, relieve Goldstein from the payment of rent."

It will be noted the instruction so procured to be given by the defendant in error does not refer to the defense of release by express agreement, but is devoted entirely to the object of advising the jury as to the principles of law applicable, under the evidence in the case, to a defense of a surrender of the lease. See definitions of a surrender and as to what will constitute a surrender in law, as given in *Williams* v. *Vanderbilt*, 145 Ill. 238, and 12 Am. & Eng. Ency. of Law, (1st ed.) 758*h*, 759*h*.

The plaintiff in error sought but two instructions to the jury. Both of them related exclusively to the same issue to which the instruction given for the defendant in error related, and both were refused. The case went to the jury without any instruction given at the instance of the plaintiff in error. It is not contended these instructions asked by plaintiff in error and refused were in any sense incorrect as expositions of the law applicable to the defense of a surrender in an action of covenant on a lease, and we perceive no error in them. It is sought to justify the refusal to grant the instructions on the sole ground the pleadings did not raise the issue of a surrender. Counsel for defendant in error, in their brief, speaking of the first of the instructions, say: "The instruction was improper because there was no such issue in the case. The defendant did not plead a surrender by the lessee and an acceptance by the lessor, but a verbal release for a valuable consideration." As to the second instruction counsel say: "The second refused instruction is the same, in substance, as the first, except that it called attention to the collection of rent from and the recognition of other tenants. The reasons for refusing the other instruction apply to this. It instructed the jury how a surrender might take place. As already shown, no such issue was presented by the pleadings. A surrender is not a release, and a release is not proved by evidence of a surrender."

These refused instructions were intended to advise the jury that an executed agreement to surrender a lease may operate, in law, as a surrender, and that an agreement to release an original tenant and accept a new tenant may operate as a surrender, as is held to be the law in the cases cited and approved by this court in *Williams* v. *Vanderbilt, supra.* As to the effect of an agreement as an element of a surrender the instruction given in behalf of the defendant in error was silent, except in so far as the reference made to the necessity that it should "clearly appear" that it was the intention of the parties that the

first tenant should be discharged and the landlord should look to the new tenants for the rent might imply an agreement. If such implication should arise, the words "clearly appear" would refer to the degree of proof to be required to legally establish the existence of a mutual intention or agreement of the parties, and this would subject the instruction to the serious objection that it was open to the construction that a mere preponderance of the evidence would not be sufficient to prove the intention. The refused instructions were important to the right of the plaintiff in error on the case made by the proofs, which had been submitted to the jury by the voluntary action of the parties. As the only ground of justification for the refusal to give them, counsel for the defendant in error now urge the plea of release was not sufficient to include a surrender as a defense to the action. Without pausing to determine the correctness of this contention as a question of pleading, it is sufficient to say that as both the parties, in producing the proof in the case before the jury on the hearing, acted upon the theory the pleadings were broad enough to admit that defense, and each, without objection from his adversary, submitted proof *pro et con* as to the facts relied on to constitute the defense of a surrender; that the defendant in error regarded that defense, and the proofs upon it, as fairly before the jury for decision, and procured the court to instruct the jury from his standpoint as to the principles of law to be applied in arriving at a proper conclusion upon it, the plaintiff in error was entitled to have the jury instructed upon his theory of the state of the proofs as to what constituted a surrender and the effect of a surrender as a defense to the action.

The governing principle here involved was applied by this court in *Illinois Steel Co.* v. *Novak*, 184 Ill. 501, where we said (p. 504): "The parties having, respectively, procured the court to declare to the jury the rules of law applicable to the state of facts disclosed by the evidence,

and to direct the jury to return a verdict in accordance with his or its legal rights, under such state of facts neither can be heard to complain the instructions of the court authorized recovery or successful defense to the action on the case made by the proofs, on the ground the facts proven were not within the allegations of the pleadings." In *Illinois Central Railroad Co.* v. *Latimer,* 128 Ill. 163, we said (p. 171): "A party cannot demand of the court that it rule upon a certain branch of the case, and then be heard to say that the court had no right to rule upon that branch of the case at all. He may challenge the correctness of the finding of the jury on the question of fact submitted to them by the instructions, but he can not be heard to say that it was error for the court to comply with his own request in submitting the question to the jury."

The judgment of the Appellate Court and that of the circuit court are each reversed, and the cause will be remanded to the circuit court for such further proceedings as to law and justice shall appertain.

*Reversed and remanded.*