## Harry Bostrom v. James W. Gibson, for the use, etc.

### Gen. No. 10,834.

1. ACCORD AND SATISFACTION—*when the acceptance of a tender does not create an.* Where the defendant tenders a specific sum, which is refused, and thereupon pays the amount of such tender into court, the plaintiff may accept such sum from the court without prejudicing his claim to the balance in dispute.

2. SETTLEMENT IN FULL—*what will not support a.* An agreement to accept in full settlement a sum less than the total amount claimed by one party and admitted by the other to be due, is void for want of a sufficient consideration to support it.

3. BOND—*construction of.* A bond which, among other things, provides for the payment of " interest and damages," if it does not bind the obligor to pay interest as such, yet it binds him to the payment of interest as an element of damage.

Bill of interpleader. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed December 18, 1903.

M. C. HARPER and O. C. PETERSON, for appellant.

GEORGE G. BELLOWS, for appellee.

**Statement by the Court.** A bill of interpleader was filed in the Circuit Court by a certain association, alleging that there was due from it on a benefit certificate $3,000, which was claimed by James W. Gibson and also by Eva Nelson. The money was by the association paid into court; issues were made up between Gibson and Nelson. March 3, 1900, on a final hearing, the Circuit Court decreed that $1,813 of the money so paid into court should be paid over to Gibson. From this decree Eva Nelson appealed to this court.

The condition of the appeal bond was that Eva Nelson should " pay the amount of the costs, interest and damages rendered and to be rendered against her in case the said decree shall be affirmed." The decree was affirmed in this court January 26, 1901. Gibson then brought an action

before a justice of the peace upon the appeal bond against Henry Bostrom, the surety in the bond, the principal, Eva Nelson, being dead. Gibson's costs in this court were $19.90. Before the justice, when the case was called for trial, Bostrom tendered to Gibson $19.90 and the costs that had accrued up to the time of tender before the justice. Gibson refused to accept the money so tendered and the trial proceeded, resulting in a judgment for plaintiff for $95.40 and costs.

Bostrom took an appeal to the Superior Court. After the judgment, the justice paid over to Gibson the $19.90 paid to him by Bostrom. The trial in the Superior Court resulted in a judgment for plaintiff for $75 and costs, to reverse which Bostrom prosecutes this appeal. .

MR. JUSTICE BAKER delivered the opinion of the court.

Appellant contends that the withdrawal by Gibson from the justice, of the $19.90 deposited with him by Bostrom, amounted to an accord and satisfaction of the demand sued upon and was a bar to the further prosecution of the suit. In our opinion, this contention cannot be sustained. There was not, nor could there be, any question as to Bostrom's liability on the bond for $19.90, the amount of Gibson's costs on the appeal. The controversy between the parties was as to Bostrom's liability for any further sum as interest on the sum of $1,813 from the date of the decree to the date of its affirmance, or as damages for the delay in the payment of said sum to Gibson occasioned by the appeal. Bostrom's liability on the bond to Gibson for $19.90 for costs being ascertained and fixed, the receipt of that sum from Bostrom by Gibson could furnish legal satisfaction to that amount only of the sum for which Bostrom was liable to Gibson on the bond.

An express agreement, if one had been made by Gibson to accept $19.90 in full satisfaction of Bostrom's liability on the bond, would be void for want of a consideration to support it. Hayes v. Mass. Mut. Life Ins. Co., 125 Ill. 626, 639. Appellant further contends that if the withdrawal of the

$19.90 cannot amount to an accord and satisfaction, still the judgment should be reversed upon the ground that there is no evidence to support it.

By reason of the appeal, Gibson could not receive the $1,813 paid into court until the decree was affirmed, where but for the appeal, it would have been paid to him when the decree was entered. Whether the decree appealed from is to be regarded as a " judgment," within the mean- ing of that term in the statute providing that judgments shall draw interest at five per cent, we do not deem it necessary to decide. The bond is conditioned for the payment of " interest and damages." If Bostrom thereby did not bind himself to pay interest, as interest, he did bind himself to pay such damages as Gibson should sustain by reason of the appeal. Equity will grant relief against a forfeiture only when compensation can be made. Payment of money and interest thereon from the time of the forfeiture is regarded as compensation. Interest is in some cases allowed as an element of damage. Generally it is so allowed on the purchase money in an action for breach of a covenant of warranty, where the title of the warrantor wholly fails; but, in such cases, it is not allowed when the warrantee has been in possession of the premises and has not accounted nor is accountable for the rents and profits; for the use and occupation are presumed to be equal to the use of the purchase money. 2 Sutherland on Dam., 300.

Green v. Williams, 45 Ill. 206, was an action by a lessee against her lessor, where the lessor, after making the lease sued on, leased the property to other parties and would not give the lessee possession. In the opinion in that case, Lawrence, J., said :

" If it had appeared that the lessee's business was unavoidably suspended in consequence of the defendant's breach of his contract, we are of opinion that she should receive, not speculative profits, but interest during such suspension on the amount of capital invested in her business and for the time being lying idle."

The amount of the damages awarded is somewhat less

than five per cent per annum upon $1,813, from March 3, 1900, to January 26, 1901.

In our opinion the evidence justified the award of that sum to Gibson and the judgment will therefore be affirmed.

*Affirmed.*