EMMA B. SHELLABARGER, Respondent, v. MARY
L. MORRIS, Appellant.

Kansas City Court of Appeals, December 4, 1905, and January 8,
1906.

1. **ASSAULT AND BATTERY: Defense of Property: Trespass.**
   Where one's property strays upon the premises of another, the
   owner cannot pursue it in the possession of such other and re-
   capture it by an assault upon the other; the rule for recaptur-
   ing property forcibly and wrongfully taken does not apply.

2. **DAMAGES: Mental Anguish: Physical Injury: Action.** That
   no action can be maintained for mental anguish, nervous agi-
   tation and sickness, caused by negligence or breach of contract,
   unless attended with physical injury, *quaere*. Cases reviewed
   and doctrine doubted.

3. ———: ———: ———: ———: **Loss of Business: Trespass.**
   A petition is held to count on revengeful and malicious conduct
   perpetrated to annoy the plaintiff which resulted in preventing
   her from attending to business, harmfully affected her nerves
   and injured her health, and the action is therefore for injury
   to health and business under the circumstances constituting
   a malicious trespass, and bodily impact is not necessary to
   maintain the action.

4. ———: ———: ———: ———: ———: **Nuisance.** Where the
   defendant's conduct partakes of the nature of a nuisance, re-
   sulting in the mental anguish, nervous agitation, impairment of
   health and loss of business, to the plaintiff, an action may be
   maintained without bodily impact.

Appeal from Caldwell Circuit Court.—*Hon. Joshua W.
Alexander*, Judge.

AFFIRMED.

*John A. Cross* and *Johnson & Johnson* for appel-
lant.

(1) Defendant had the right to pursue and use all
force reasonably necessary for the recapture of her prop-
erty. State v. Dooley, 121 Mo. 591; State v. Evans, 124
Mo. 397; State v. Forsythe, 89 Mo. 667. (2) The second

count of petition does not state any cause of action in the absence of an allegation of a personal assault or injury. Medford v. Levy, 31 W. V. 648, 13 Am. St. 887; Donnell v. W. U. T. Co., 118 Mo. 54; same approved s. c. 118 Mo. 617, 633; Deming v. Railway, 80 Mo. App. 153.

*O. J. Chapman* for respondent.

(1) One of the legal rights of everyone in a civilized community, would seem to be security in the possession of his property and privileges from wanton and needless attacks, from those whose hostility he may have in some way incurred. Carrington v. Taylor, 11 East 571; Greenleaf v. Francis, 18 Pick. 117; Trustees v. Yuoman, 50 Barb. 316. (2) In suits for damages in assaulting and beating another the jury or court in estimating the damages, if they find for plaintiff, may take into consideration the insult and indignity inflicted upon the plaintiff by a blow in the face given with anger, rudeness or insolence, without reasonable cause, and may also in assessing the damage consider as an aggravation of the wrong, the mental suffering and mortification of feeling of the plaintiff arising from the insult and indignity of the assault. O'Donnell v. Transit Co., 197 Mo. App. 34. (3) No one can have the legal right to do that which destroys his neighbor's property, comfort, business or health, even when not done wantonly or maliciously and will be liable in damages for same. Bldg. Ass'n v. Minor, 8 S. W. 695; David v. David, 40 W. Va. 464; Hayden v. Tucker, 37 Mo. 214. (4) If a person wantonly, needlessly or maliciously makes a loud noise on his own premises for the mere purpose of annoying and making uncomfortable a neighbor or any person, and it has such effect, he is amenable to the law. Medford v. Levy, 13 Am. St. Rep. 887. (5) The court committed no error in refusing appellant's instruction numbered 8 as it is embodied in her instruction numbered 1.

BROADDUS, P. J.—The plaintiff's cause of action consists of two counts: The first is for assault and battery; the second alleges that defendant, willfully, and maliciously, annoyed, worried, and disturbed plaintiff by loud noises, by screaming, by beating on tin pans, fences and iron, in consequence of which she was made nervous, and her health was so affected that she could not sucessfully carry on her business of hand-painting and wood-carving. Plaintiff recovered judgment on the first count for $300 and the second for $200, from which defendant appealed.

Plaintiff and defendant lived on adjoining premises in the town of Hamilton, Missouri. Both were engaged in breeding and raising chickens on their respective premises. The plaintiff was also engaged in the business of hand-painting and wood-carving. The fence separating the premises of the parties proved insufficient to prevent the fowls of the parties from escaping from the grounds of the owners and the mingling of the different flocks. This, in time, as a matter of course, created antagonism between the two women. Finally, one day, the plaintiff chased and caught a chicken on her grounds, whereupon the defendant appeared on the scene and trouble resulted. Plaintiff's evidence tended to show that defendant assaulted her and struck her on the head under the ear, which permanently injured her hearing. Defendant's evidence tends to show that plaintiff was the aggressor and assaulted defendant. Plaintiff's evidence also tended to prove that the defendant, in a spirit of maliciousness, created many and divers noises for the purpose of annoying plaintiff and that they had the effect to annoy and make her nervous to such an extent that she could not successfully carry on her business of hand-painting and wood-carving, which required a steady hand and concentration of the mind, and which also had the effect of injuring her health.

Defendant's first contention is that she had the right to pursue and use all force reasonably necessary

for the recapture of her chicken. In State v. Dooley, 121 Mo. 591, where the defendant was on trial for an assault with intent to kill, with malice aforethought, it was held that: "A man may lawfully defend his property in possession by any degree of force short of taking life necessary to make the defense effectual, but he should not resort to means reasonably calculated to endanger life." And in the same case, where "the title to such property being in dispute, the right of recapture is restricted to such force as is reasonably necessary to accomplish the purpose, provided it does not extend to the use of a deadly weapon, or to an assault likely to produce death or great bodily harm." The defendant seems to rely on the principle announced in said case and in that of State v. Evans, 124 Mo. 397; State v. Forsythe, 89 Mo. 667. The cases cited do not apply for the reason that, on the one hand, the property in dispute was not in the possession of the defendant owner, and on the other hand, the right of the owner to pursue and recapture her property does not include the right to enter the premises of another and commit a breach of the peace for that purpose, unless her property has been stolen or criminally detained by the owner of the premises. In State v. Dooley, supra, defendant's property had been forcibly taken from the possession of his employee and he pursued the captors and recaptured it on a public highway, which he had a right to do, provided in so doing he did not commit an assault with a deadly weapon likely to produce death or great bodily harm. But, we do not find any authority, nor is there any good reason for holding that, where an owner finds his property on the premises of another, it not having been taken from his possession in violation of the criminal law, he would be authorized to commit a breach of the peace in his effort to recover it. For instance, if the owner's horse should stray upon the premises of another, he would not be justified in entering such premises and committing an assault upon the other in the effort to recover

such horse. A different rule would apply from that where the owner is deprived of the possession of his property by force and he pursues the wrongdoer and recaptures it also by force, or where his property has been stolen.

The defendant's chicken strayed upon plaintiff's premises; she caught it, and, while she was holding it, according to plaintiff's evidence, she said, "I want my chicken," and struck plaintiff on the head. In so doing, she committed a breach of the peace, which the law does not justify. And the instruction asked by the defendant and refused by the court, to the effect that she might use "all force and means necessary to recapture her chicken, short of such as she knew would endanger the life of the plaintiff," etc., was properly refused. The rule of the law that the owner may use all reasonable force to defend the possession of his property has no application. For, in the defense of one's property, the law is very indulgent, and permits, at least, the use of all reasonable force to repel the aggressor.

The defendant contends that plaintiff's second count does not contain a cause of action. In Deming v. Railway, 80 Mo. App. 152, it is held; "A passenger carried by his station and put off in the darkness cannot recover damages for mental suffering and fright unless such mental anguish is connected with a contemporaneous physical injury, and mere sickness resulting from fright, worry and overtaxation of strength after leaving the train will not justify a recovery of damages for mental suffering." It seems the principle is well established in this State. [Trigg v. Railway, 74 Mo. 147; Strange v. Railway, 61 Mo. App. 586; Connell v. Telegraph Co., 116 Mo. 34.] In the latter case, the court holds that: "Damages cannot be recovered of a telegraph company for mental suffering and pain caused by its neglect to transmit and deliver a social message promptly, although it is informed by its contents that great mental suffering and pain will naturally result from its failure to do so."

GANTT, Judge, who delivered the opinion of the court, discusses the question at some length and reviews many authorities. But the court does not attempt to lay down the rule as applicable to all cases, but discusses the question with a view to its application for damages for breach of contract. And it is upon this ground, and that of negligence, that Deming v. Railroad, supra, Trigg v. Railroad, supra, and Strange v. Railroad, supra, are upheld. In the case of Victorian Railways Commissioners v. Coultas, 8 English Ruling Cases 1. c. 414 to 419, inclusive, a number of cases are cited upon the question. In an action "for great fright, alarm, fear and nervous excitement and distress, resulting in sickness, caused by the running of a railway train into the dwelling-house of which the plaintiff was an occupant," held that there could be no recovery because the fright was unaccompanied by bodily injury. [Ewing v. Railway, 147 Pa. St. 40, citing Mayne on Damages 74.] The holding is similar in the following cases: Wyman v. Leavitt, 71 Me. 227; Fox v. Borkey, 126 Pa. St. 164; Haile's Curator v. Railroad, 60 Fed. Rep. 557; and numerous other cases that need not be named. And some of the cases go so far as to hold that mental anguish is not a proper element in estimating damages accompanied by physical injury. [Johnson v. Wells Fargo & Co., 6 Nevada 224; Railroad v. Barron, 5 Wallace 90.] But, as we have seen, such is not the rule in this State or in most other jurisdictions.

There are, however, many cases where there is no personal impact, but fright caused by negligence resulting in physical injury, a recovery is warranted on the ground that the injury is the proximate result of the negligence. [Mitchell v. Railway Co., 77 Hun (New York) 607; Purcell v. Railway, 49 Minn. 134; Fitzpatrick v. Railway, U. C. Q. B. 645; Hill v. Kimball, 76 Texas 210; Barbee v. Reese, 60 Miss. 906; Consul Stutz v. Railroad, 73 Wis. 147; Railroad v. Latimer, 128 Ill. 163; Oliver v. LaValle, 36 Wis. 592.] In Purcell v. Railroad, supra, the court said: "On the argument, there was

much discussion of the question of whether fright or mental distress alone constitute such injury, that the law will allow a recovery for it. The question is not involved in the case. So it may be conceded that any effect of wrongful act or neglect on the mind alone will not furnish ground of action. There is a physical injury as serious, certainly, as would be the breaking of an arm or a leg." The facts in the case were that the negligence of the carrier placed the passenger in a position of such apparent imminent peril as to cause fright, and the fright caused nervous convulsions and illness.

: The Missouri rule, as we have seen, is that, where there has been no bodily impact, no damages are recoverable for mental anguish, but such damages are recoverable for injuries received in connection with such impact. There can be no good reason for the distinction. It is merely arbitrary. For illustration: Through the negligence of the carrier, its coaches are derailed and A, a female, suffers the loss of her little finger in consequence. She experiences both bodily pain and mental anguish, for both of which she may recover. B, also a female, who suffers no bodily injury, yet the shock to her mind is so great that she is made seriously sick so that it becomes necessary to take her to a hospital for a long time to be nursed and doctored at much expense, until she recovers, for which, under the rule, she is not entitled to damages. The only plausible reason, if it can be a reason, for the distinction is that found in Ewing v. Railway, supra, "That the scope of what are known as accident cases will be very greatly enlarged for in every case of a collision on a railroad, the passengers, although they may have sustained no bodily harm, will have a cause of action against the company for fright to which they have been subjected. This is a step beyond any decision of any legal court of which we have knowledge." We can appreciate the ruling in Johnson v. Wells, Fargo & Co., supra, which holds that there can be no recovery in either instance, because of mental distress, for the rea-

son that such damages cannot be estimated in money; that, "to properly estimate such cause of damage, the door must be opened to the realms of philosophy, physiology and psychology."

And there is another distinction made that a party may recover, where "the injury is accompanied by circumstances of malice, insult, or inhumanity." [Deming v. Railway, supra; Trigg v. Railroad, supra.] It is not within our province to overrule these cases: and we might, perhaps with safety, sustain plaintiff's right to recover upon their authority, because the defendant's acts were characterized by insult and malice, but we prefer to place our holding on the broader grounds of rightful justice, based upon consistent reasons. That no recovery should be had for mere mental anguish, not resulting in physical injury, including mental impairment, would be the proper rule in all case, regardless of the fact whether such mental anguish was, or was not connected with bodily injury. And why, as the mental anguish might be as great in one instance as the other, there is made a distinction is beyond comprehension.

We have been speaking of cases arising out of negligence and breach of contract. This case does not rest on the law governing breach of contract or negligence. The charge of the petition is that defendant's conduct was spiteful and revengeful, wrongful and malicious, and perpetrated for the purpose of annoying plaintiff, which resulted in preventing her from attending to her business, harmfully affected her nerves, and injured her health. Plaintiff does not seek to recover for mental anguish but for injury to her health and business. The action is based upon willful and malicious trespass, which, under our criminal statute, constituted a breach of the peace and therefore unlawful. And we can see no good reason why the holding in Purcell v. Railroad, supra, does not apply, as the injury was a physical injury.

The conduct of the defendant also partook of the

nature of a nuisance and such as a court of equity would abate. [Medford v. Levy, 31 W. Va. 649.] In Hayden v. Turker, 37 Mo. 215, it is held: "The keeping and standing of jacks and stallions within the immediate view of a private dwelling is a private nuisance." The proceeding was in equity to abate the nuisance, which met the approval of the court. The court sustained the bill in equity, not because the plaintiff did not have a legal remedy for damages, but because such remedy would not be complete. We quote from the opinion of WAGNER, Judge: "Where the injury is occasional, contingent, fugitive, or temporary, there may be sufficient grounds for withholding this strong arm of equity interposition: but when it is of continual recurrence, and constant in its nature, it is an idle mockery to turn the party over to his remedy at law. Why compel a party to establish each separate act of nuisance, when the whole can be finally concluded and set at rest by the chancellor on a final hearing."

We believe the case can be sustained upon the ground that the acts complained of amount in law to a private nuisance as well as that they constitute a willful and unlawful trespass. Affirmed.

All concur.

