# Donk Bros. Coal & Coke Company v. Edward H. Stroeter.

1. VALUE OF LAND—*when evidence as to, competent.* In an action to recover for services in procuring options upon coal lands, it is competent, as bearing upon the question of the value of such services, to show the value of the land upon which options were obtained.

2. INSTRUCTIONS—*should be predicated upon the evidence.* Instructions given in a cause should be predicated upon some evidence therein.

3. INSTRUCTIONS—*when cannot be complained of.* Instructions

cannot be complained of which embody a theory contained in instructions given at the instance of the complaining party.

4. VARIANCE—*when cannot be complained of.* A variance not pointed out in the trial court cannot be complained of upon appeal.

Assumpsit. `Appeal from the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

THEODORE RASSIEUR, FORMAN & WHITNEL and L. D. TURNER, for appellant.

DILL AND PFINGSTEN and SCHAEFER & FARMER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellee brought this suit against appellant to recover for services and expenses in procuring options for appellant on certain large bodies of coal underlying lands in St. Clair and Madison counties, Illinois, where appellant was engaged in coal mining.

Appellee filed a declaration in assumpsit, containing the common counts and also a count "for work, care, diligence, journeys and attendance of plaintiff, by him before that time performed as agent, of defendant, in purchase of 20,000 acres of coal for said defendant, and for fees and commissions due to the plaintiff."

He also filed a bill of particulars as follows:

"St. Louis, March 3d, 1906.
Donk Bros. Coal & Coke Co., St. Louis, Mo.,
                    Dr. to E. H. Stroeter.
1. Commissions for buying 2,219.40 acres of
   coal at Collinsville and Marysville, Illinois,
   between June 1st, 1904, and September 1st,
   1905 ...............................$11,097.00
2. For legal services, recording of deeds on the
   above ..............................    35.00
3. Commissions on 2,319.80 acres at Edwards-
   ville, Illinois, which was turned to Donk
   Bros. Coal Co. under promise of $5 per acre.. 11,599.00

Coal & Coke Co. v. Stroeter.

| | |
|---|---:|
| 4. Expense from March 30th, 1903, to May 26th, 1904 ......................... | 433.05 |
| 5. To time put in on Schunke deal, latter part of June and first part of July, 1903........ | 25.00 |
| 7. Three days of time at Troy, Illinois, with M. W. Powell for Mr. Donk, May 18, 19 and 20, 1905 ............................. | 30.00 |
| 8. Commission on selling the Berkie interest owned by Donk Bros. Coal & Coke Co. in Zenk Lands at Troy, Illinois, to Zenk, 5 per cent ................................ | 250.00 |
| 9. To 10 days time in examining coal fields in and around Nigger Hollow Mines Nos. 1 and 2, August 4th to 16th, 1905.............. | 100.00 |
| 10. To $10 paid Mrs. Clara Kriege of Edwardsville, Illinois, on contract of coal sale in July of 1905 ............................. | 10.00 |
| 11. $100 paid to Henry Blume of Pleasant Ridge as per promise made him in buying his coal spring ............................. | 100.00 |
| Total ..............................$25,029.05 | |

### Drawn on Account:

June 22, 1904, $50.   January 14, 1905, $50. January 21, 1905, $50.   February 6, 1905, $50.   February 8, 1905, $50.   April 20, 1905, $50.   May 27, 1905, $50.   July 21, 1905, $200, and then November 20, 1905, $500....$ 1,050.00

Balance due ........................$23,979.05"

There was a plea of the general issue, and on the trial the jury returned the following verdict: "We, the jury, find the issues for the plaintiff and assess his damages at $1.50 per acre for 2,319.80 acres.   We, the jury, find for the plaintiff for ten days' work for examining coal fields, amounting to $100, in and about Nigger Hollow Mine, making a total of $3,579.70.   And we further find for the defendant on the other counts."

The court overruled a motion for a new trial and gave judgment against appellant upon the verdict.

It appeared from the proofs in the case, that in November, 1902, appellant employed appellee, who was engaged in the real estate business and was well acquainted with the people owning lands in the vicinity of the mines operated by appellant, to secure options on coal lands. For this work he was paid at the rate of 50 cents an acre and his expenses up to May 27, 1904, at which time there was an attempt at settlement, which appellee claims was only partial, but which appellant claims to have been a settlement in full. Appellee testified that on December 15, 1904, he went to the office of appellant for the purpose of quitting its service and had an interview with Mr. Donk, the president, in which, after some attempt at settlement had been made, he said: "Mr. Donk, I am not satisfied with this fixing up. I want a definite understanding what I am going to get. I am perfectly dissatisfied as you know. I have been at your mercy absolutely and if I had gotten no money from anywhere else, except what I have been getting from the Donk Bros. Coal & Coke Company, my family would have been at the starvation point;" that Mr. Donk answered, "Now you say that you have been at my mercy; now I will say that I will pay your expenses and we will be at your mercy. Whatever you say the price per acre shall be, that is what I will pay"; that witness then said, "Mr. Donk, very well, with that understanding I will go on"; that witness thereupon took up the work again. Mr. Donk denied making this arrangement with appellee but testified that he told him "he (appellee) would be satisfied when the business was through."

Upon the trial the court below, over the objection of appellant, permitted the wife of appellee to testify in his behalf, to a conversation she, as agent of her husband, had with Mr. Donk, after the trouble arose concerning the settlement between appellant and appellee in which Mr. Donk used language tending to show that he had promised to pay appellee $5 an acre for securing the Edwardsville tract.

Appellant complains that the court erred in the admission

of evidence for appellee, in allowing the bill of particulars to be amended, in giving instructions requested by appellee and refusing instructions asked by appellant, in refusing to set aside the verdict of the jury because it was against the evidence and because the jury failed to specify the count or counts of the declaration upon which they found their verdict, and charges there was a variance between the proof and the bill of particulars.

The admission of evidence on behalf of appellee as to the value of coal lands, upon which he had taken options for the benefit of appellant, which is complained of by appellant, was proper as bearing upon the question of the reasonable value of the services of appellee in procuring the options. We are inclined to the opinion that the evidence of Mrs. Stroeter, wife of appellee, was improperly admitted, but as the jury did not act upon it in returning their verdict, it was not prejudicial to appellant, and would not therefore warrant a reversal of the judgment. While the record shows that leave was given to appellee to amend its bill of particulars, yet as a matter of fact, the bill is not shown to have been amended and even if it had been it would have been immaterial upon this hearing, as the verdict of the jury did not include commission for securing options on the lands proposed to be included in the amendment.

Four instructions were given for appellee and in the first, second and fourth the court instructed the jury, if they should find appellee entitled to recover, they should allow him a reasonable and fair compensation for his services, after deducting any sum of money he may have received from appellant as part payment therefor.

Appellant contends that these instructions are erroneous for the reason that there was a contract between the parties for either 50 cents an acre or $5 an acre for appellee's services, and that therefore he should not be allowed to recover any other amount. It appears from the testimony above set forth, that no definite amount of compensation was fixed upon when he returned to work for appellant on December 15, 1905. It was therefore entirely proper for the court to

instruct the jury as was done upon the matter of compensation, instead of confining the amount thereof to one of the two sums mentioned.

Appellant itself asked the following instruction which was given, on the question of compensation:

"The court further instructs the jury that if all the evidence in the case on both sides fails to establish any fixed definite contract price as compensation for the plaintiff's services for obtaining coal lands for the defendant, then you should allow the plaintiff as compensation for his services such an amount as you believe, from all the evidence in the case, the plaintiff is entitled to, deducting from such amount whatever amount he has received from the defendant as compensation for such services or from the owners of the land from whom the coal was purchased."

Appellant having asked and received an instruction which allowed plaintiff to recover upon a *quantum meruit*, could not of course be allowed to complain because the court gave instructions on behalf of appellee, embodying the same theory. I. C. R. R. Co. v. Latimer, 128 Ill., 163; Consolidated Coal Co. v. Haenni, 146 id., 614; I. C. R. R. Co. v. Eicher, 202 id., 556.

Instruction No. 3 related entirely to what was known as the Collinsville tract and as the jury found in favor of appellant, so far as compensation for that tract was concerned, he would not be in position to complain even if there were error in the instruction. What is above said will also apply to appellant's complaints concerning its refused instructions. The jury did not in their verdict designate, as they had been instructed to do, the count or counts of the declaration upon which they found the verdict. They did however designate the items in the bill of particulars upon which they found for plaintiff, which under the circumstances of this case substantially complied with the instruction. We do not think there was any variance between the proofs and the bill of particulars or declaration, but if there was, appellant is in no position to take advantage of that fact here, as that point

was not made upon the trial of the cause, and it cannot be raised for the first time in this court. I. C. R. R. Co. v. Behrens, 208 Ill., 20; Schuler v. Schuler, 209 id., 522; Osgood v. Skinner, 211 id., 229.

It was admitted by appellant upon the trial of this case that it was indebted to appellee in the sum of $1,314.16, but appellee refused to accept that amount and it was left to the jury to determine how much was in fact due.

The evidence tended strongly to support the finding of the jury as to the amount and the verdict will therefore not be disturbed.

The judgment of the court below is affirmed.

*Affirmed.*