## J. H. Strong, Administrator, Appellee, v. Charles Hasterlik et al., Appellants.

### Gen. No. 14,115.

1. PLEADING—*what issues presented by plea of non est factum.* The validity of the specialty in suit is the only issue raised by the plea of *non est factum.*

2. BONDS—*what establishes prima facie case in action upon attachment.* If only the plea of *non est factum* stands to the declaration, a *prima facie* case in an action upon an attachment bond is made by due proof of such bond, the disposition of the attachment suit being admitted by the state of the pleadings.

3. DAMAGES—*what proper to be awarded in action upon attachment bond.* Interest at the legal rate for the period that money has been withheld from the lawful owner in virtue of the attachment writ, is proper to be allowed by way of damages in an action upon the bond.

4. APPEALS AND ERRORS—*when objection to evidence comes too late.* An objection to evidence first made on appeal is too late.

5. NEW TRIAL—*effect of failure to specify grounds.* The excessiveness of a verdict is not subject to review on appeal if a written motion for a new trial has been interposed specifying grounds but omitting as one of such grounds such alleged excessiveness.

Action in debt. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed January 18, 1909.

BLUM & BLUM, for appellants.

EDWARD H. MORRIS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

Appellee recovered in a trial before the court without the intervention of a jury, which was waived by all the parties, a judgment in debt on an attachment bond for the penalty of the bond, $750, and damages assessed at $290, the former to be discharged upon payment of the latter.

To the declaration on the attachment bond the plea

of *non est factum* was interposed and was, at the time of going to trial, the only plea in the cause.

The evidence rests in the proofs of appellee and the testimony of Louis J. Blum, the only witness for appellants. Under the plea of *non est factum* the only issue presented for trial was the valid execution of the bond. It appears that the original attachment bond had been lost; and secondary evidence, consisting of a copy of the bond, was offered in evidence and received without objection. In the lifetime of appellee's intestate appellants sued out an attachment against him and garnisheed Louis J. Blum, who had in his hands money due defendant in the attachment suit, $385 of which it was agreed between the parties should be held by Blum to abide the result of the attachment suit. Upon a trial the attachment failed. The attachment suit was commenced December 19, 1892, and Blum did not pay over any money until May 19, 1905, when he paid to E. H. Morris, the attorney of appellee, $365. The amount of the damages is for 12 years and 5 months interest on the amount so retained, and for the value of legal services necessarily rendered in defeating the attachment proceeding.

Appellants contend as grounds for reversal that the judgment is not supported by the evidence, and that it is for an excessive amount.

There were several pleas, to which demurrers were sustained, leaving at the time of the trial as the only plea on record that of *non est factum*. Such being the issue, the validity of the attachment bond was the only controverted question. Due proof of the bond was made without objection. This was all that was incumbent upon appellee to prove in order to entitle him to an assessment of damages for the breaches of the conditions of the bond counted upon in the declaration. The other averments of the declaration standing unchallenged are in law to be treated as admitted. The final disposition of the attachment suit, adversely to the plaintiff in that cause, standing as an admitted fact

under the pleadings, needed no further proof on the trial. Oberne v. Gaylord, 13 Ill. App. 30; Goldstein v. Reynolds, 190 Ill. 124.

Interest was properly allowed for the time of the withholding of the amount detained in virtue of the garnishee of Blum under the attachment writ. It was a just and lawful element of damage for depriving appellant and his intestate of the amount rightfully due for more than a dozen years. Bostrom v. Gibson, 111 Ill. App. 457.

As to the award of attorney's fees incurred in defense of the attachment suit, we are not called upon to pass in the condition in which we find the record on this subject. The reasons are two-fold. First, the testimony of Morris as to the value of the services rendered by him in defense of the attachment suit was admitted without objection; it is therefore too late to raise the objection in this court for the first time. Second, appellants made their motion for a new trial in writing, and did not, in that motion, assign as a reason for granting a new trial that the damages were excessive. To doing so now, in this court, the law interposes an insuperable barrier. The specifying of grounds in a written motion for a new trial in legal effect excludes all others. Fox River Valley R. R. v. McMath, 91 Ill. 104; Janeway v. Burton, 201 *ibid.* 78.

The judgment of the Circuit Court is affirmed.

*Affirmed.*